UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKIE S. PENNINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY, *Michael Astrue*,<br><br>    Defendant,<br><br>    v.<br><br>SSAOGC,<br><br>    Interested Party. | Case No. 09-cv-973-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 26) of Magistrate Judge Clifford J. Proud, which recommends that the Court affirm the final agency decision of Defendant Commissioner of Social Security ("Commissioner"), dismiss this matter with prejudice, and direct entry of judgment. Plaintiff Vickie Pennington filed an Objection (Doc. 27) thereto, to which the Commissioner filed a Response (Doc. 28).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b); S.D. Ill. L. R. 73.1(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.*

"If no objection or only partial objection [to the report and recommendation] is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema*

*Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Meanwhile, the Court must review *de novo* the portions of the report and recommendation to which *specific* written objections are made. Fed. R. Civ. P. 72(b); S.D. Ill. L. R. 73.1(b) ("The objecting party['s] . . . written objections . . . shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for the objection."). The mere filing of a document labeled "objection" does not guarantee *de novo* review. *See, e.g.*, *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004) ("[A] plaintiff may not simply restate the arguments that the Magistrate-Judge considered and expect the Court to treat the filing seriously.") *Id*. If an objector fails to adhere to the specificity requirement of Federal Rule of Civil Procedure 72(b), the district judge will apply the (highly deferential) clearly erroneous standard of review. *See id*. at 35.

Here, while Pennington submitted an "objection" to the R & R, she does not specifically object to any of its terms. In fact, apart from a vague preliminary reference, Pennington's "objection" does not even mention the R & R; rather, it focuses on alleged error in the Administrative Law Judge's findings that Pennington thoroughly discussed in her Brief (Doc. 18) and Magistrate Judge Proud considered in drafting the R & R. This course of action is indubitably contrary to Federal Rule of Civil Procedure 72(b) and Local Rule 73.1(b). Thus, the Court has no choice but to apply a clearly erroneous standard of review to the R & R. And, having reviewed the parties' briefs and the relevant portions of the record, the Court does not find the R & R to be clearly erroneous.

Assuming *arguendo* that a *de novo* standard governed review of the R & R, Pennington's arguments are still without merit for the reasons stated in the R & R (and

reiterated in the Commissioner's response).  Moreover, in failing to raise such an argument before Magistrate Judge Proud, Pennington waived her contention that "[t]he ALJ did not build a logical bridge from the findings of Dr. [Stacey] Smith to his conclusion that the Plaintiff only had mild restrictions in the first three areas under the 'B' criteria of [Listing] 12.07."  Doc. 27, p. 2.

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 26) **in its entirety**, whereby the Court **DISMISSES** this matter **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 4, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**